OPINION OF THE COURT
Joseph C. Teresi, J.
In this CPLR article 78 proceeding, petitioner, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, claims that they (excise tax investigators) are exempt from the requirement to obtain a pistol license, pursuant to Penal Law *404 § 265.20 (a) (1) (b), because they are defined as "police officers” under CPL 1.20 (34) (q).
Respondent opposes the motion.
Petitioner claims that respondent’s decision to require excise tax investigators to obtain pistol permits was arbitrary and capricious and an abuse of discretion. Petitioner alleges that excise tax investigators are not "peace officers” as stated by respondent relying upon CPL 2.10 (4), but rather they are "police officers” pursuant to CPL 1.20 (34) (q). Therefore pursuant to Penal Law § 265.20 (a) (1) (b) they are exempt from the requirement to obtain a pistol license.
CPL 1.20 (34) (q) states: "(q) An employee of the department of taxation and finance (i) assigned to enforcement of the taxes imposed under or pursuant to the authority of article twelve-A of the tax law and administered by the commissioner of taxation and finance, taxes imposed under or pursuant to the authority of article eighteen of the tax law and administered by the commissioner, taxes imposed under article twenty of the tax law, or sales or compensating use taxes relating to automotive fuel imposed under article twenty-eight or pursuant to the authority of article twenty-nine of the tax law and administered by the commissioner or (ii) designated as a revenue crimes specialist and assigned to the enforcement of the taxes imposed under article twenty-eight or pursuant to the authority of article twenty-nine of the tax law and administered by the commissioner, for the purpose of applying for and executing search warrants under article six hundred ninety of this chapter, and for the purpose of acting as a claiming agent under article thirteen-A of the civil practice law and rules in connection with the enforcement of the taxes referred to above.”
Clearly, this only confers the right to act as "police officers” for the limited purpose of "applying for and executing search warrants under article six hundred ninety of this chapter, and for the purpose of acting as a claiming agent under article thirteen-A of the civil practice law and rules in connection with the enforcement of the taxes referred to above.”
CPL 2.10 (4) specifically applies to petitioner and designates them "peace officers”:
"4. Employees of the department of taxation and finance designated by the commission of taxation and finance as peace officers and assigned by the commissioner of taxation and finance (a) to the enforcement of any of the criminal or seizure *405 and forfeiture provisions of the tax law relating to (i) taxes imposed under or pursuant to the authority of article twelve-A of the tax law and administered by the commissioner, (ii) taxes imposed under or pursuant to the authority of article eighteen of the tax law and administered by the commissioner, (iii) taxes imposed under article twenty of the tax law, or (iv) sales or compensating use taxes relating to automotive fuel imposed under article twenty-eight or pursuant to the authority of article twenty-nine of the tax law and administered by the commissioner or
"(b) to the enforcement of any provision of the penal law relating to any of the taxes described in paragraph (a) of this subdivision or
"(c) as revenue crimes specialist and assigned to the enforcement of any of the criminal provisions of the tax law or any provision of the penal law relating to taxes imposed under article twenty-eight or pursuant to the authority of article twenty-nine of the tax law and administered by the commissioner or
"(d) to the enforcement of any provisions of law which is subject to enforcement by criminal penalties and which relates to the performance by persons employed by the department of taxation and finance of the duties of their employment.
"Provided, however, that nothing in this subdivision shall be deemed to authorize any such employee designated as a peace officer after November first, nineteen hundred eighty-five to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law, and further provided that, prior to such designation by the commissioner each such employee shall have successfully completed the training requirements specified in section 2.30 of this chapter.”
This section precludes all investigators appointed since November 1, 1985 from claiming an exemption from the firearm licensure requirement.
A full review of these statutes by this court indicates that the respondent’s determination that New York State law does require excise tax investigators to obtain pistol permits was neither arbitrary and capricious nor an abuse of discretion. CPL 1.20 (34) (q) clearly only authorizes petitioners to act as "Police officers” for a limited purpose while CPL 2.10 (4) specifically identifies petitioners as "peace officers” with a *406 specific requirement of obtaining an appropriate firearm license pursuant to section 400.00 of the Penal Law.
This court finds that respondent’s determination had a rational basis as the clear intent of the Legislature was to require petitioners to obtain licenses pursuant to Penal Law § 400 and complete the training requirements specified in CPL 2.30. (Doctors Counsel v New York City Empls. Retirement Sys., 71 NY2d 669, 675 [1988].) The petition is denied.